UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDY SPITZ, an individual, as Assignee Of NANCY AGUILAR, an individual, and REAL TRUCKING, INC., a corporation, <br><br> Plaintiff, <br><br> v. <br><br> STARR INDEMNITY AND LIABILITY COMPANY, INC., a corporation, <br><br> Defendant, <br><br>――――――――――――――――――― <br><br> STARR INDEMNITY AND LIABILITY COMPANY, INC., a corporation, <br><br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> D. BOWEN BERRY, an individual, THE BERRY FIRM P.L.L.C, a professional limited liability corporation, & SETTLEPOU, P.C., a professional corporation, <br><br> Third-Party Defendants, | No. 21 C 1044 <br><br> Judge Sara L. Ellis |

**OPINION AND ORDER**

This third-party complaint comes before the Court on the heels of an amended complaint filed by Plaintiff Randy Spitz against Defendant Starr Indemnity and Liability Company, Inc. ("Starr"). Spitz sued truck driver Nancy Aguilar and the company that employed her, Real Trucking Inc. ("RTI"), in Oklahoma state court after Aguilar collided with Spitz's vehicle (the "Underlying Lawsuit"). Starr, RTI's insurance company, retained D. Bowen Berry and The Berry Firm, P.L.L.C. (collectively, the "Berry Defendants") to represent Aguilar and RTI.

Before the case proceeded to trial, the Berry Defendants incorporated into another law firm, SettlePou P.C. ("SettlePou"). After a jury returned a verdict in favor of Spitz and the court entered a judgment of more than $2.2 million, Spitz, as the assignee of Aguilar and RTI, commenced a lawsuit against Starr alleging bad faith in failing to settle within the insurance policy limits. Spitz filed that suit in the Circuit Court of Cook County, and Starr subsequently removed the case to this Court.

Starr now files this Third-Party Complaint against the Berry Defendants and SettlePou (together, the "Third-Party Defendants"), alleging contribution, professional negligence/malpractice, and equitable subrogation arising from the underlying bad faith claim. The Third-Party Defendants move to dismiss the complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Rule 12(b)(6). Because Starr has not alleged sufficient minimum contacts between the Third-Party Defendants and Illinois, the Court finds that it lacks jurisdiction over the Third-Party Defendants, and so dismisses Starr's complaint against them without prejudice.

## BACKGROUND[1]

On February 23, 2016, Aguilar, a truck driver employed by RTI, collided with Spitz while driving a trailer tractor in Oklahoma City. Spitz sustained serious injuries in the crash and sued Aguilar and RTI in Oklahoma state court to recover damages. RTI, an Illinois company, held a liability insurance policy with Starr, a company incorporated in Texas with its principal

---

[1] The Court takes the facts in the background section from Starr's third-party complaint and attached exhibits, and presumes them to be true for the purpose of resolving the Third-Party Defendants' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013). On a Rule 12(b)(2) motion, the Court may also consider evidence submitted by a defendant opposing the Court's exercise of jurisdiction. *See Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). Therefore, the Court has reviewed the Third-Party Defendants' affidavits and accompanying exhibits, "accepting as true any facts contained [therein] that remain unrefuted by the plaintiff." *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

2

place of business in New York. The policy provided for $1 million of liability coverage for damages that result from car accidents and stated that Starr would handle litigation and settlement negotiations. To that end, Starr retained the Berry Defendants to represent Aguilar and RTI.

In Spring 2019, before trial, Spitz's attorneys made several offers to settle the lawsuit for Starr's $1 million policy limit. In his amended complaint, Spitz alleges that Starr, through the Berry Defendants, did not adequately inform RTI and Aguilar of these offers. In Summer 2019, SettlePou acquired The Berry Firm and took over Aguilar and RTI's defense. Spitz reiterated his settlement offer in September 2019, but the case ultimately proceeded to trial. On September 30, 2019, the jury returned a verdict in favor of Spitz. The trial court entered judgment on November 4, 2019, awarding Spitz damages of more than $2.2 million. The Oklahoma Civil Court of Appeals affirmed the judgment on December 29, 2021 and subsequently denied Aguilar and RTI's Petition for Rehearing. As of December 19, 2022, Aguilar and RTI exhausted all avenues for rehearing or review within the Oklahoma court system.

Spitz, as the assignee of Aguilar and RTI, filed the current lawsuit against Starr in Illinois state court on December 1, 2020, alleging that Starr breached its duty to settle the Underlying Lawsuit. Starr subsequently removed the case to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1441. The Court granted Starr's motion to dismiss Spitz's complaint without prejudice in part because judgment in the Underlying Lawsuit was not yet final, and so the alleged failure to settle claims were not ripe for adjudication. After the Oklahoma Supreme Court ended the appeals process by denying RTI and Aguilar's petition for a writ of certiorari, Spitz filed an amended complaint on January 6, 2023. Starr filed its Third-Party Complaint against the Third-Party Defendants on February 17, 2023, asserting

claims of contribution, professional negligence/malpractice, and equitable subrogation. The Third-Party Defendants move to dismiss on jurisdictional and substantive grounds.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(2) challenges the Court's jurisdiction over a party. Fed. R. Civ. P. 12(b)(2). When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted). If the Court rules on the Rule 12(b)(2) motion without an evidentiary hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *Id*. at 392–93; *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). In resolving a Rule 12(b)(2) motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "reads the complaint liberally with every inference drawn in favor of [the] plaintiff," *GCIU-Emp. Ret. Fund*, 565 F.3d at 1020 n.1 (7th Cir. 2009). However, if the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff[ ] must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin*, 921 F.3d at 705 (7th Cir. 2019). The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *GCIU-Emp. Ret. Fund*, 565 F.3d at 1020 n.1, but resolves "any factual disputes in the [parties'] affidavits in favor of the plaintiff," *Felland*, 682 F.3d at 672.

## ANALYSIS

### I. Personal Jurisdiction

The Third-Party Defendants assert that the Court lacks personal jurisdiction over them because they do not have sufficient contacts with Illinois. In diversity cases, the Court may exercise personal jurisdiction over a defendant only if personal jurisdiction would be proper in an

Illinois court. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Illinois allows for personal jurisdiction to the full extent authorized by the Illinois and United States Constitutions. *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 732 (7th Cir. 2013). Although there may exist theoretical differences between the constitutional standards, the Seventh Circuit has observed that "no Illinois case has provided a definitive explanation" of these differences, *Matlin*, 921 F.3d at 705, and found that both constitutional standards essentially focus on whether exercising jurisdiction over a defendant is fair and reasonable, *see KM Enters.*, 725 F.3d at 732. Accordingly, a single inquiry into whether the United States Constitution permits jurisdiction suffices. *See, e.g.*, *Curry*, 949 F.3d at 393 (citation omitted); *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 756–57 (7th Cir. 2010); *C.H. Johnson Consulting, Inc. v. Roosevelt Rds. Naval Station Lands & Facilities Redevelopment Auth.*, No. 1:12-cv-08759, 2013 WL 5926062, at *2–3 (N.D. Ill. Nov. 5, 2013); *see also Wesly v. Nat'l Hemophilia Found.*, 2020 IL App (3d) 170569, ¶ 16 ("[I]t is generally true that, when federal due process concerns regarding personal jurisdiction are satisfied, so are Illinois due process concerns." (alteration in original) (citation omitted)).

Jurisdiction is proper under the Due Process Clause of the United States Constitution if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Millikin v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts exist where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir.

2017). Personal jurisdiction comes in two forms: general and specific.[2] *See Daimler AG v. Bauman*, 571 U.S. 117, 126–28 (2014); *Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 878 (7th Cir. 2019). General jurisdiction arises when the defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Starr concedes that the Court does not have general personal jurisdiction over the Third-Party Defendants. *See* Doc. 62 at 4; Doc. 63 at 4. The Court therefore limits its analysis to specific jurisdiction.

Specific personal jurisdiction arises "when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010); *see also Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012) ("Specific jurisdiction is jurisdiction over a specific claim based on the defendant's contacts with the forum that gave rise to or are closely connected to the claim itself."). For purposes of specific jurisdiction, "[t]he relevant contacts are those that center on the relations among the defendant, the forum, and the litigation." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800–01 (7th Cir. 2014). To establish specific jurisdiction, Starr must show that "(1) [Third-Party Defendants] purposefully directed [their] activities at the forum state or purposefully availed [themselves] of the privilege of conducting business in the state; (2) the alleged injury arises out of or relates to [Third-Party Defendants'] forum-related activities; and (3) any exercise of personal jurisdiction . . . comport[s] with traditional notions of fair play and substantial justice." *Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021).

---

[2] The Supreme Court has recently emphasized that a third method of establishing personal jurisdiction exists where a defendant has consented to suit in the forum. *Mallory v. Norfolk S. Ry. Co.*, 143 S. Ct. 2028 (June 27, 2023). Because Starr does not argue that the Third-Party Defendants consented to suit in Illinois, the Court need not address the implications of *Mallory* further.

Starr contends that the Third-Party Defendants have sufficient minimum contacts with Illinois to subject them to the Court's jurisdiction because (1) they represented RTI, a client based in Illinois; (2) Starr's claims against them arise from their representation of RTI in the Underlying Lawsuit; and (3) judicial economy favors litigating all claims in Illinois. With respect to the Third-Party Defendants' representation of RTI, Starr alleges that the Third-Party Defendants and RTI's president exchanged phone calls and that the Third-Party Defendants directly corresponded with "other Real Trucking employees located in Illinois both through the phone and via e-mail on many other occasions while SettlePou represented Real Trucking." Doc. 63 at 9; *see also* Doc. 62 at 9.

These contacts do not suffice to establish specific personal jurisdiction. *See Brook*, 873 F.3d at 553 (affirming dismissal for lack of personal jurisdiction where the Illinois-based plaintiff exchanged thirteen years of phone calls and correspondence with out-of-state attorney concerning out-of-state litigation); *Cote v. Wadel*, 796 F.2d 981, 984 (7th Cir. 1986) (finding a "handful of letters and phone calls that passed between" the in-state plaintiff and the out-of-state law firm did not suffice to establish jurisdiction). The only connection Illinois has to this case is the fact that RTI, a defendant in the Underlying Lawsuit and not a party to this case, is an Illinois company. Starr's principal place of business is in New York with headquarters in Texas, Mr. Berry is domiciled in Texas, The Berry Firm and SettlePou are both based in Texas, and the accident and Underlying Lawsuit—the source of the alleged malpractice—occurred in Oklahoma. There exists no "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in" Illinois.[3] *Bristol-Myers Squibb Co.*

---

[3] David O'Dens, a SettlePou shareholder and its Vice President, affirmed that neither SettlePou nor its employees travelled to Illinois in connection with the Underlying Lawsuit and that all legal services rendered in connection with the Underlying Lawsuit occurred in Texas or Oklahoma. Further, Mr. Berry

*v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 264 (2017) (alteration in original) (citation omitted) (internal quotation marks omitted); *see also Cote*, 796 F.2d at 984 (in malpractice lawsuit against Wisconsin plaintiff's out-of-state attorney, the attorney's alleged negligence and failure to prosecute "occurred in Michigan," the location of the underlying lawsuit); *cf. Ores v. Kennedy*, 218 Ill. App. 3d 866, 873 (1991) (court had personal jurisdiction over out-of-state attorney who did not practice in Illinois where he allegedly acted negligently in advising executors on will and trust, and there existed no underlying lawsuit in another state). The fact that non-party RTI may have felt harm in Illinois does not suffice to establish specific personal jurisdiction over the Third-Party Defendants. *See Bristol-Myers Squibb Co.*, 582 U.S. at 264 ("The mere fact that a defendant's conduct affects a plaintiff with connections to the forum State is not sufficient to establish jurisdiction.").

Moreover, the Seventh Circuit and numerous other courts have made clear that the fact that an out-of-state attorney represents a client domiciled in the forum state does not suffice to establish personal jurisdiction over the attorney in that state. *See John Crane, Inc. v. Shein L. Ctr., Ltd.*, 891 F.3d 692, 696 (7th Cir. 2018) ("Out-of-state litigation against an Illinois resident is not sufficient to establish personal jurisdiction in Illinois over a lawyer involved in the out-of-state litigation."); *Brook*, 873 F.3d at 553 (Illinois district court lacked personal jurisdiction over law firm and attorney where "[t]he subject matter of the representation was land in Arizona subject to Arizona law," and other than phone calls and correspondence, "[a]ll business on behalf of [the client] was done in Arizona by an Arizona based law firm with Arizona lawyers"); *Cote*,

---

affirmed that he has never been licensed to practice law in Illinois, had a law office in Illinois, marketed to residents of Illinois, or appeared in court in Illinois on behalf of any clients. Starr does not rebut these allegations with an affidavit or other evidence in its response. *See Matlin*, 921 F.3d at 705 (if the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff[ ] must similarly submit affirmative evidence supporting the court's exercise of jurisdiction").

796 F.2d at 984 (no jurisdiction in Wisconsin over an out-of-state attorney representing a Wisconsin client because the attorney committed no act or omission in Wisconsin where "the failure to prosecute . . . and to cooperate with the lawyer . . . occurred in Michigan"); *Mizrachi v. Ordower*, No. 17 C 8036, 2019 WL 918478, at *2 (N.D. Ill. Feb. 25, 2019) (no jurisdiction in Illinois where the court had no indication that the out-of-state attorney sought out business in Illinois and "[t]he subject matter of the representation was a business based in another state that held property interests in states other than Illinois"); *Mitchell v. Shiffermiller*, No. 03 C 4794, 2004 WL 178188, at *3 (N.D. Ill. Jan. 14, 2004) (finding no jurisdiction where "all of Mitchell's allegations of malpractice on the part of Shiffermiller took place in Nebraska, either during the pre-trial, trial, or appellate phases of the Nebraska litigation" and "[t]he handful of letters and phone calls that passed between [Mitchell] and [Shiffermiller] is not enough to close the gap" (citation omitted) (internal quotation marks omitted)); *Yates v. Muir*, 112 Ill. 2d 205, 210 (1986) (no jurisdiction over attorney where attorney practiced in Kentucky, the matter on which the attorney represented the plaintiff did not require the attorney to appear in Illinois, and the attorney performed all legal services in Kentucky; "if there was any malpractice in rendering those services it took place in Kentucky"); *Cape v. von Maur*, 932 F. Supp. 124, 128 (D. Md. 1996) ("[C]ase law overflows on the point that providing out-of-state legal representation is not enough to subject an out-of-state lawyer or law firm to the personal jurisdiction of the state in which a client resides."). *But see Ores*, 218 Ill. App. 3d at 869 (finding Illinois court could exercise personal jurisdiction over out-of-state attorney who communicated often with Illinois-based estate and banks even though he did not travel to Illinois and conducted all of his activity on behalf of the estate in Texas). As in *Brook* and *Mizrachi*, Starr has provided the Court with "no indication that [the Third-Party Defendants] sought out Illinois or even [RTI] specifically,"

9

*Mizrachi*, 2019 WL 918478, at *3; *see also Brook*, 873 F.3d at 553 (no specific personal jurisdiction over out-of-state attorney where "Defendants in this case never sought out nor conducted business in Illinois, rather [the plaintiff's company] sought out legal services from Defendants")—which makes sense given that Starr, and not RTI, retained the Third-Party Defendants for the Underlying Litigation. *See* Doc. 32 at 2.[4] For the foregoing reasons, the Court finds that it lacks personal jurisdiction over the Third-Party Defendants. The Court therefore need not address the Third-Party Defendants' other arguments in support of dismissal.

## II. Jurisdictional Discovery

Starr asks that, in the event the Court finds it lacks personal jurisdiction over the Third-Party Defendants, the Court allow Starr to complete jurisdictional discovery. For a court to permit jurisdictional discovery, "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) (citation omitted); *Medline Indus., Inc. v. Diversey, Inc.*, No. 20 C 4424, 2020 WL 5763637, at *4 (N.D. Ill. Sept. 28, 2020) (the plaintiff "must make a colorable showing of personal jurisdiction before discovery is allowed"). This requires a plaintiff to "show that the factual record is at least ambiguous or unclear on the jurisdiction issue." *Gilman Opco LLC v. Lanman Oil Co.*, No. 13-CV-7846, 2014 WL 1284499, at *6 (N.D. Ill. Mar. 28, 2014) (citation omitted) (internal quotation marks omitted). As explained, Starr has not made a *prima facie* or colorable showing of jurisdiction, nor has it demonstrated an ambiguous factual record. The Third-Party Defendants submitted affidavits denying contact with Illinois, and Starr did not offer any evidence to the contrary in response.

---

[4] Starr's cursory appeal to judicial economy does not change the Court's analysis. "Where personal jurisdiction is lacking, as it is here, the Court simply does not have the power to hear the claims no matter how efficient doing so would be." *Giles v. Cont'l Cas. Co.*, No. 3:09-CV-368, 2010 WL 481233, at *5 (S.D. Ill. Feb. 5, 2010).

Even if Starr learned, through discovery, that the Third-Party Defendants engaged in numerous phone conversations with RTI, that would not on its own suffice to establish jurisdiction over them in this case brought by Starr. *See Brook*, 873 F.3d at 551–553 (thirteen years of correspondence between an Arizona law firm and an Illinois plaintiff did not suffice to establish personal jurisdiction over the out-of-state firm in Illinois ). Accordingly, the Court denies Starr's request for jurisdictional discovery. *See Medline Indus., Inc.*, 2020 WL 5763637, at *4 ("[W]hen a lack of personal jurisdiction is clear, jurisdictional discovery would serve no purpose and should not be permitted." (citing *John Crane Inc. v. Simon Greenstone Panatier Bartlett, APC*, No. 16 C 5918, 2017 WL 1093150, at *12 (N.D. Ill. Mar. 23, 2017))); *Mizrachi*, 2019 WL 918478, at *3 (overruling request to conduct jurisdictional discovery where third-party plaintiff sued out-of-state attorney because plaintiff did not "show[ ] a colorable basis for exercising personal jurisdiction").

### III. Transfer

The Seventh Circuit has recently explained that "when federal courts find that they lack jurisdiction, they bear an independent obligation under § 1631 to consider whether to transfer the case." *North v. Ubiquity, Inc.*, 72 F.4th 221, 228 (7th Cir. 2023); *see also* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . in which the action or appeal could have been brought at the time it was filed."). This obligation is "quite limited," however, and requires consideration of whether transfer of the case is "in the interest of justice." *North*, 72 F.4th at 228. A bar on refiling based on the statute of limitations amounts to a compelling reason to transfer a case. *Id.* (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)). But where the statute of limitations would not bar

11

refiling, the Court need not transfer the case pursuant to § 1631. *Id*. ("If a plaintiff may, on its own, refile its case in a proper forum, the interests of justice do not demand transfer." (quoting *Danziger v. De Llano*, 948 F.3d 124, 133 (3d Cir. 2020))). The Court does not have sufficient information to conduct this analysis. The parties should submit briefs of no more than five pages addressing the jurisdiction to which the Court should transfer the case (if the parties disagree), and whether the interest of justice compels transfer.

## CONCLUSION

For the foregoing reasons, the Court grants the Third-Party Defendants' motions to dismiss [[47], [57]] without prejudice and denies Starr's request for jurisdictional discovery. The Court defers ruling on whether to transfer the case pursuant to 28 U.S.C. § 1631. The parties should submit simultaneous briefs of no more than five pages addressing transfer by October 20, 2023. The Court sets a further status date for ruling on November 21, 2023.

Dated: September 26, 2023

_____
SARA L. ELLIS
United States District Judge